455 F.2d 942
 79 L.R.R.M. (BNA) 2091, 67 Lab.Cas. P 12,308
 John A. PENELLO, Regional Director of Region 5 of the
National Labor Relations Board, for and on Behalf
of the NATIONAL LABOR RELATIONS BOARD, Appellee,
v.
INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1248,
AFL-CIO, et al., Appellants.
John A. PENELLO, Regional Director of Region 5 of the
National Labor Relations Board, for and on Behalf
of the NATIONAL LABOR RELATIONS BOARD, Appellant,
v.
INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1248,
AFL-CIO, et al., Appellees.
 Nos. 71-1642, 71-1725.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 8, 1971.
Decided Dec. 21, 1971.
 
 Sidney H. Kelsey, Norfolk, Va., for International Longshoremen's Assn. Local 1248, A.F.L.-C.I.O. and others.
 Marvin Roth, Supervisory Atty., N.L.R.B. (Peter G. Nash, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Julius G. Serot, Asst. Gen. Counsel and A. Donald Rhoads, Atty., N.L.R.B., on brief), for John A. Penello.
 Before, WINTER, RUSSELL and FIELD, Circuit Judges.
 PER CURIAM:
 
 
 1
 In a suit instituted by the Regional Director, National Labor Relations Board, under 29 U.S.C.A. Sec. 160(l), the district court found that there was reasonable cause to believe that various locals of the International Longshoremen's Association were engaged in unfair labor practices in violation of 29 U.S.C.A. Sec. 158(b) (4) (i) (ii) (B), i. e., a secondary boycott of various shipping lines and stevedoring companies to require them to cease doing business with the United States until the latter contracted with ILA to handle container and break bulk shipping moving through the United States Naval Supply Center at Norfolk, Virginia, rather than to use civil service employees belonging to another union. The district court enjoined the various locals of ILA from continuing such conduct until the final determination of unfair labor practice charges pending against them before the Board.
 
 
 2
 Our examination of the record leads us to conclude that there was substantial evidence to support the district court's findings, and those findings were not clearly erroneous. The relief granted was, therefore, appropriate under the Act. By preargument motion and in argument, we are advised that a trial examiner of the Board has found that the various locals of ILA did not commit all of the unfair labor practices charged. Both parties have excepted to the report, the matter is still pending before the Board and there is, therefore, no final agency action to warrant dissolution of the injunction.
 
 
 3
 The district court failed to include in its injunction order a prohibition against ILA's imposing fines on ship owners and others for each container stuffed or stripped by government workers within fifty miles of the port, apparently believing that to grant such relief would be to enter into a determination of damages between the parties or to decide a question of the interpretation of the contract between the parties implicit in the unfair labor practice charge. We disagree. There was ample evidence that the threat of fines was part and parcel of the same cause of secondary conduct which there was reasonable cause to believe constituted an unfair labor practice. The threat of levy and the levying of fines should also have been enjoined.
 
 
 4
 The injunction of the district court should be expanded as herein described and as modified, it is
 
 
 5
 Affirmed.